**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HOVSEP MURADYAN, | No. 07-74912 |
| Petitioner, | Agency No. A079-380-099 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

Hovsep Muradyan, a native of Iran and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we deny the petition for review.

Muradyan fears persecution from unknown members of the government who sought information regarding the murder of his former employer. Substantial evidence supports the agency's conclusion that Muradyan did not establish that he was or would be persecuted on account of an actual or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992) (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *Sangha*, 103 F.3d at 1489-90. Accordingly, Muradyan's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Muradyan's contention that the BIA erred by not addressing his CAT claim is belied by the record. Muradyan does not otherwise challenge the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**